UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL ROBERT BONNER,

    Plaintiff,

v.

                                    Case No. 24-cv-1636-pp

REPAIRERS OF THE BREACH, INC.,[1]
JAMES WEST, RALPHAEL GORDON
and DELLA OWENS,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

On December 19, 2024, the plaintiff—who is representing himself—filed a complaint, alleging that the defendants refused to provide him shelter during extreme winter weather. Dkt. No. 1. The same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On January 22, 2025, the plaintiff filed an amended complaint. Dkt. No. 4. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, dismiss the amended complaint for failure to state a claim and give the plaintiff an opportunity to file a second amended complaint.

---

[1] The plaintiff sued "Repairs of the Breach," which does not appear to be an entity. "Repairers of the Breach, Inc." is a corporation that operates a homeless shelter at the address the plaintiff listed in his amended complaint.

1

**I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose their financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is unmarried with no dependents. Dkt. No. 2 at 1. He states that he is unemployed and lists his total monthly wages or salary as $0. Id. at 1–2. The plaintiff paid $600 in rent in both October and November 2024 and asserts that he has "owed loans," including "state and student" loans, but does not provide the monthly amount due on those debts. Id. at 2, 4. The plaintiff states that he does not own a car or any property of value. Id. at 4–5.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The court advises the plaintiff, however that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman

2

Case 2:24-cv-01636-PP     Filed 07/19/25     Page 2 of 10     Document 5

Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II. Screening the Complaint

### A. Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. However, the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Even though their filings are construed liberally, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead

3

every fact supporting her claims; they need only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

The court also must determine whether it has subject-matter jurisdiction, because "[s]ubject-matter jurisdiction is the first issue in any case," Miller v. Southwest Airlines Co., 926 F.3d 898, 902 (7th Cir. 2019), and the court has "an independent obligation to determine that jurisdictional requirements are satisfied," Knopick v. Jayco, Inc., 895 F.3d 525, 528 (7th Cir. 2018). "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act," Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000), that "cannot be waived, forfeited, or consented to by the parties," Fortier v. Terani Law Firm, 732 F. App'x 467, 468 (7th Cir. 2018). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." Craig v. Ontario Corp., 543 F.3d 872, 875

4

(7th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. Civ. R. 12(h)(3).

Federal courts have subject-matter jurisdiction in two primary types of cases: (1) cases alleging violations of federal laws or the federal Constitution ("federal question" jurisdiction under 28 U.S.C. §1331) and (2) cases between citizens of different states where the amount in controversy exceeds $75,000 ("diversity" jurisdiction under 28 U.S.C. §1332). When a plaintiff in federal court alleges violations of state statutory or common law, the federal court may hear and decide those state-law claims only if the plaintiff also has alleged claims over which the federal court has diversity or federal question jurisdiction and the state-law claims are "so related" to the diversity or federal question claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367.

B.  The Plaintiff's Allegations

The court has considered only the allegations in the plaintiff's amended complaint, not his original complaint. That is because an amended complaint takes the place of, or "supersedes," the original complaint. Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). The court cannot consider any factual allegations or claims that asserted in the original complaint unless the plaintiff restated them in the amended complaint.

In the amended complaint, the plaintiff asserts that defendant Repairers of the Breach is a nonprofit organization that operates a homeless shelter in Milwaukee and that the individual defendants are "member[s]" of Repairers of

5

the Breach. Dkt. No. 4 at ¶2. The plaintiff alleges that on January 19, 2025 at approximately 7:00 a.m., Repairers of the Breach refused to open the shelter door for the plaintiff for two hours despite the "extreme weather conditions" and cold advisory at that time. Id. He states that he told Repairers of the Breach that he was disabled and could not feel his toes and fingers, but the shelter still did not open its doors. Id. He alleges that he had to call 911 and was rushed to the hospital for hypothermia and cold exposure. Id. He alleges that Repairers of the Breach was "negligent to [his] basic needs and caused deliberate indifference to [his] health and medical needs." Id. The plaintiff states that he is suing the defendants for a violation of federal law and that he seeks compensatory and punitive damages. Id. at 3.

    C.    <u>Analysis</u>

The court does not have diversity jurisdiction under 28 U.S.C. §1332. The amended complaint states that the plaintiff and Repairers of the Breach are citizens of the same state (Wisconsin). Dkt. No. 4 at 1. The plaintiff has not identified the citizenship of the individual defendants, but when the plaintiff and even a single defendant are from the same state, the court lacks diversity jurisdiction. This court has subject-matter jurisdiction only if the complaint states a claim for a violation of federal law.

The plaintiff asserts both negligence and deliberate indifference claims arising out of Repairers of the Breach's alleged refusal to let him into its homeless shelter. The plaintiff's deliberate indifference claim sounds in the Eighth Amendment. Section 1983 of Title 42 is the federal statute through

6

which a plaintiff may bring a claim that a state actor—an employee of a state, county or local government—violated his constitutional rights. To prevail on a §1983 claim, the plaintiff must prove that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted). Repairers of the Breach appears to be a private corporation. See https://apps.dfi.wi.gov/apps/corpSearch/Search.aspx (search term "Repairers of the Breach"). A plaintiff may bring a lawsuit under §1983 only against government officials or employees or individuals who acted "under color of state law." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). A private organization is not a "person" or a "state actor" subject to suit under §1983. The court will dismiss the plaintiff's §1983 claims against Repairers of the Breach because Repairers of the Breach is not a proper defendant.

Although the plaintiff also names as defendants individuals associated with Repairers of the Breach, his amended complaint does not contain any allegations against those individuals. This is a problem for two reasons. "[T]o be liable under §1983, the individual defendant must have caused or participated in a constitutional deprivation." Pepper v. Village of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) (quotation omitted). Without evidence of personal involvement, a defendant cannot be liable under §1983. Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 966 (7th Cir. 2019). The plaintiff has not alleged any personal involvement on behalf of the individual defendants.

Nor has the plaintiff made any allegations supporting a finding that the individual defendants—who are not public employees—acted under color of state law. A private party acts under color of state law only when the party "acted together with . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). The amended complaint does not contain any allegations that the individual defendants acted under color of state law (or that they acted at all). The court must dismiss the plaintiff's deliberate indifference claims under §1983.

Nor may the plaintiff proceed on his negligence claim. Negligence is a state-law claim, not a federal one. Because the court lacks diversity jurisdiction and the plaintiff has not stated a claim for a violation of federal law, this court has no jurisdiction to hear a state-law claim between citizens of the same state. The court will dismiss the plaintiff's negligence claim.

For these reasons, the court must dismiss the plaintiff's amended complaint, but it will do so "without prejudice." That means that the plaintiff may, if he chooses to, file a second amended complaint by the deadline the court will set below. If the plaintiff decides to try to amend his complaint, there are several things he should keep in mind. As stated above, an amended complaint takes the place of the original complaint, Flannery, 354 F.3d at 638 n.1, so the plaintiff must include in the second amended complaint all the facts supporting his claims. When writing his amended complaint, the plaintiff should give the court enough facts to answer the following questions: 1) Who

8

violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights. If the plaintiff is suing for violations of his federal constitutional rights, he may sue only state actors. If he is suing under the court's diversity jurisdiction, he may sue only defendants who are not citizens of Wisconsin.

Along with this order, the court is sending the plaintiff a blank amended complaint form. The plaintiff must use this form in preparing his second amended complaint. The plaintiff must write the word "Second" above amended complaint at the top of the page. He must put the case number for this case—Case No. 24-cv-1636—in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. The plaintiff must clearly identify the defendants and the actions they took that he believes violated his *federal* constitutional rights. Again, the second amended complaint must be complete in itself. It may not refer the court back to allegations in the prior complaints.

If the plaintiff elects to file a second amended complaint, he must file it in time for the court to *receive* it by the deadline the court sets below. If the

court does not receive a second amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE**. Dkt. No. 4.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file a second amended complaint in time for the court to *receive it* by the end of the day on **August 22, 2025**. If the court does not receive a second amended complaint by the end of the day on August 22, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in the amended complaint upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 19th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**